IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1400-06






TERRY HACKLER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


COOKE COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 I fail to see how a video of the victim's child's birthday party is in any way
relevant to determining the length of Appellant's sentence. Victim impact evidence is
supposed to show the harm suffered by the victim's family as a result of the death of the
victim. A video depicting an event that occurred prior to the accident does not show this. 
Victim character evidence is evidence that shows the unique characteristics of the life that
was taken. While the video of the victim's daughter's birthday party shows that the
victim was the mother of a young child, I disagree with the majority that such evidence is
relevant here. Victim character evidence is only relevant if it has a direct link to the
circumstances of the case. What would happen if the victim of a drunk driving accident
was a drug dealer and the defense wanted to admit evidence of the victim's criminal
record in order to show that he had a low value to society and that, in essence, the
defendant did society a favor by ridding the earth of this criminal? Certainly we would
not allow such irrelevant evidence to be admitted. The Supreme Court stated in Payne v.
Tennessee, 501 U.S. 808, 823, that "victim impact evidence is not offered to encourage
comparative judgments of this kind - for instance, that the killer of a hardworking,
devoted parent deserves the death penalty, but that the murderer of a reprobate does not. 
It is designed to show instead each victim's 'uniqueness as an individual human being,'. .
. ." But the video showing the victim's child's birthday party does not show the victim's
uniqueness as an individual or the good qualities possessed by the victim. Rather, it
showed only that the victim had a young daughter, which did not in any way relate to the
circumstances of the case or to Appellant's moral culpability in causing the victim's
death. It is very sad that the behavior of the Appellant caused the death of someone,
however, the fact that the victim was a mother should not be used to increase the
defendant's sentence any more than evidence that the victim was a criminal should be
used to decrease the sentence. 

 Under Rule of Evidence 401, "'Relevant evidence' means evidence having any
tendency to make the existence of any fact that is of consequence to the determination of
the action more probable or less probable than it would be without the evidence." To
what fact of consequence to the determination of the action does this evidence relate? In
my opinion, the video focusing on the victim's child is not relevant to Appellant's
personal responsibility for the drunk driving accident. Additionally, because the video
focuses not the victim but on her child, there is great danger of unconsciously misleading
the jury. See Salazar v. State, 90 S.W.3d 330, 337. For these reasons, this evidence
should not have been admitted, therefore I respectfully dissent.


 Meyers, J.


Filed: February 6, 2008

Do Not Publish